Elsie STROUD and D. R. Stroud,
Plaintiffs,

D. R. Stroud, Plaintiff-Appellant,

v.

Mary GOVREAU, Defendant-Respondent.

No. 34772.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 15, 1973.

Roberts & Roberts, V. Kenneth Rohrer, Farmington, for plaintiff-appellant.

McClintock & Murphy, E. L. McClintock, Flat River, for defendant-respondent.

SIMEONE, Judge.

This is an appeal by plaintiff-appellant, D. R. Stroud, husband of Elsie Stroud, from a verdict and judgment rendered in his favor and against the defendant-respondent, Mary Govreau, for loss of consortium but with damages assessed at "zero dollars."

The issue is a simple one. In an action brought by one spouse for personal injuries and by the other for loss of consortium when there is evidence of substantial damages for loss of consortium, may the jury render a verdict granting a substantial amount for damages to the injured spouse for her injuries and also render a verdict in *favor* of the other spouse for loss of consortium but grant zero dollars damages? We hold that when there is evidence of damages for loss of consortium and a verdict is rendered in favor of the injured spouse for substantial damages, a verdict and judgment in favor of the other spouse for loss of consortium but granting "zero dollars" for damages is inconsistent

and contradictory. Therefore, we reverse and remand for a new trial on the issue of damages.

Plaintiffs, husband and wife, brought suit against defendant, Mary Govreau, as a result of an automobile collision which occurred at an intersection in Farmington, Missouri. In Count I plaintiff Elsie Stroud sought damages for personal injuries; in Count II plaintiff D. R. Stroud sought damages for being "deprived of the services and consortium of his wife" and for medical expenses; in Count III both plaintiffs sought damages for their automobile.

The cause was tried on April 1, 1972 in the Circuit Court of St. Francois County before the court and a jury.

Mrs. Stroud testified "I remember my head, and it hit, because I—it was—or just a thump like, you know, all of a sudden, a jar, that's all." She visited several physicians, had continuous headaches for weeks, took medication and finally underwent a myelogram examination and ultrasonic treatments. She stated that her condition limits her performance of strenuous housework duties and that she has a constant pain in her neck. Her physician, Dr. Dash, testified that to a reasonable degree of medical certainty he could state that her condition was the result of the collision.

Mr. Stroud, whose work takes him out of town, testified that since the collision he had to assist his wife with household duties which she had performed before the accident, and that she "was hard to get along with." Since the accident Mr. Stroud has paid several medical bills for his wife's care, including a hospital bill for $731, various amounts for traction units, druggist expenses and physicians' bills amounting to the sum of $1,414.77. He also made several trips back to Missouri when he was out of town on business. Mrs. Stroud was not employed. The bills were paid by Mrs. Stroud out of their joint checking account, but all deposits were made with Mr. Stroud's earnings.

After the instructions were given, the jury returned a verdict in favor of Elsie Stroud and assessed her damages at $2,000. The jury also found that the plaintiffs suffered property damage in the amount of $500, and further, on Count II, found "the issues in favor of the Plaintiff D. R. Stroud and assess[ed] his damages at $0." No objection to the verdict was made by the appellant at this time, but in proper time he filed a motion for a new trial on the ground that the verdict on Count II was inconsistent with the verdicts returned on Counts I and III.

The motion for a new trial further stated that the jury disregarded the instructions in that it found Mr. Stroud was damaged but failed to award any damages. The motion further alleged that the verdict was inadequate. The motion for a new trial was not taken up by the appellant and in due time the court entered an order dismissing the motion as having been overruled by operation of law. Rule 78.04, V. A.M.R.

The appellant, D. R. Stroud, urges that the court erred in not granting him a new trial because even though the verdict was rendered in his favor, it was inconsistent, contradictory, incorrect and void in failing to award damages which were supported by the evidence. He also urges that the court erred in not granting a new trial because the verdict on Count II was so grossly inadequate that it indicates bias, prejudice and misconduct in not following the instructions of the court.

On the other hand the respondent's only point is that the court did not err in failing to grant a new trial because it was the duty of the appellant to make a timely objection to any error, inconsistency or defect in the jury verdict; the appellant having failed to do so, he thereby waived any right to complain of any inconsistency or defect in the verdict.

■ There is no question that a negligent personal injury to a married woman

gives rise to two independent causes of action, one for the wife for injuries to her person, her pain and suffering, and disability, and one for the husband for the expenses incurred in her treatment, and for the loss of her services, society and companionship. Take v. Orth, 395 S.W.2d 270 [10] (Mo.App.1965). This right is now reciprocal. Novak v. Kansas City Transit, Inc., 365 S.W.2d 539 (Mo. banc 1963); Shepherd v. Consumers Co-op Ass'n, 384 S.W.2d 635 (Mo. banc 1964).

In Boone v. Richardson, 388 S.W.2d 68 (Mo.App.1965), the plaintiff sought damages against the defendant for personal injuries sustained. The jury found for the plaintiff and against the defendant but assessed the plaintiff's damages at zero. The trial court granted a new trial to the plaintiff on the issue of damages only and denied the defendant's motion for judgment. The Springfield District held that the verdict was, on its face, so contradictory as to be a nullity. There must be injury before there can be any actionable negligence. The verdict cannot be resolved as a definite finding for either party and hence it cannot support the entry of a judgment. The court reversed and remanded for a new trial on all the issues.[1]

In recent decisions it has been held that where suit is brought by one spouse for injuries sustained and the other seeks damages for loss of consortium, a verdict in favor of the one spouse who suffered the injuries but denying the spouse's claim for loss of consortium in a jointly tried case, the verdict against the spouse seeking damages for loss of consortium is to be set aside as inconsistent and a new trial granted as to damages. Manley v. Horton, 414 S.W.2d 254 (Mo.1967); Foster v. Rosetta, 443 S.W.2d 183 (Mo.1969). In Foster, *supra* at 186, the court stated ". . . it would have been reversible error if a new trial had not been awarded . . ."

This court recently decided Kennedy v. Tallent, 492 S.W.2d 33 (Mo.App.1973). In that case we held that a verdict in favor of a daughter assessing her damages for her personal injuries at "none" and a verdict in favor of the father awarding him $500 as a result of the injury to the daughter was inconsistent.

■ We believe that under these decisions a verdict in favor of the wife, Mrs. Stroud, awarding damages in the amount of $2,000 and in favor of the husband, D. R. Stroud, but assessing his damages at "$0" is inconsistent. Since there is substantial evidence to support his claim for damages for loss of consortium, a new trial should have been granted to D. R. Stroud.

In accordance with Kennedy v. Tallent, *supra*, the new trial should be as to the damages only. "In this multiple plaintiffs' case it is obvious that·in each and every claim the jury consistently determined the issues of liability in favor of all of the respective plaintiffs, . . ." Kennedy v. Tallent, *supra*, 492 S.W.2d at 40. Boone v. Richardson, *supra*, is not applicable for the reason that in that decision there was but a single plaintiff, and from the verdict in favor of plaintiff with a finding of $0 damages, it could not be determined that there had been a definite finding for either party. That principle is not applicable to a multiple plaintiff situation where liability has been determined. Kennedy v. Tallent, *supra*.

■ The respondent's contention that any complaint of inconsistency or defect

1. In Haley v. Byers Transp. Co., 394 S.W.2d 412 (Mo.1965), which involved similar facts, our Supreme Court held that in such a situation there are two lines of authority: (1) holding that such a verdict is in effect a verdict for defendant, and (2) holding that there is no verdict in line with Boone v. Richardson, *supra*. In *Haley* the verdict was not inconsistent because the jury was told to deduct the amount that the plaintiff had already received from another. In such case the verdict was not inconsistent and self-contradictory.

was waived by failing to make timely objection to the verdict is not dispositive of the issues here. Primarily it is the duty of the court to require the jury to correct a verdict such as this as it was in Thorne v. Thorne, 350 S.W.2d 754 (Mo.1961). In Boone v. Richardson, *supra*, 388 S.W.2d at 75, where the court held the verdict to be invalid, no immediate objection was made "on the part of either party." Although the appellant failed to argue his motion for a new trial, it devolves primarily upon the court to require the jury to correct the verdict. The cases relied upon by the respondent, e. g., Cable v. Metropolitan Life Ins. Co., 233 Mo.App. 1093, 128 S.W.2d 1123 (1939), are not dispositive of the issues presented here.

In view of the resolution we make, it is unnecessary to discuss appellant's second point, that the trial court erred in not granting a new trial because the damages on Count II were inadequate.

The judgment as to D. R. Stroud is reversed and the cause remanded for further proceedings.

SMITH, P. J., and KELLY, J., concur.