**Denise PORTER et al., Appellants,**

v.

**Ava Marie MALLET, Respondent.**

**No. 41047.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 22, 1980.

Motion for Rehearing or Transfer to Supreme Court Denied March 14, 1980.

LeRoy Crouther, Jr., St. Louis, for appellants.

F. Douglas O'Leary, St. Louis, for respondent.

REINHARD, Judge.

Plaintiff and intervenors appeal from a denial by the trial court of their motion for a new trial on the issue of damages.

On October 17, 1974, plaintiff was injured while working as a car hop for the Steak 'n Shake Restaurant when she was pinned against a car by an automobile backing out of the lot. She was taken to the hospital.

American States Insurance Company was the Workmen's Compensation carrier for Steak 'n Shake. Plaintiff filed a Workmen's Compensation claim and received benefits under the Act. Plaintiff subsequently sued defendant for damages. Steak 'n Shake, Inc. and American States Insurance Company intervened in the suit pursuant to Section 287.180 RSMo 1969, claiming that they had paid plaintiff the sum of $2,839.69 and asking the court to award to them this sum out of any judgment received by the plaintiff.

Plaintiff's evidence showed that she stayed in the hospital for eleven days and that during that stay, surgery was performed on her right calf. For the next five weeks, plaintiff was unable to perform her

work for Steak 'n Shake. Thereafter, she took a job in a shoe factory for three months. Next, she joined the Air Force and was still a member at the time of the trial. Plaintiff testified that at the present time she had a little discomfort and that her leg would swell during the winter months.

Dr. Rainey, plaintiff's treating physician, testified, that in addition to treating plaintiff in the hospital, he saw her in his office about ten times subsequent to her hospitalization. His treatment included compression dressings, pain medication, whirlpool baths, and surgery to remove the blood. The doctor diagnosed the plaintiff as having suffered a "rather extensive contusion with resulting hematoma in the right calf." He found there was some permanent disability and rated it at 15% of the leg as a whole.

A representative of American States Insurance Company testified that the company paid plaintiff's Deaconess Hospital bill of $777.32, Dr. Rainey's bills for medical services totaling $310.00, and the ambulance bill of $35.00. Over the objection of defendant he testified that the company had paid plaintiff $217.31 for four and three-sevenths weeks temporary compensation and $1,500.00 permanent partial disability.

Defendant offered the deposition of Dr. Belmont R. Thiele. He had examined plaintiff for defendant in June, 1977 and found no disability other than a one-half inch surgical scar at the location of the original injury. Defendant also presented records from the Air Force showing the plaintiff had no complaints or problems with her leg during basic training.

In addition to plaintiff's verdict director, Instruction No. 3, the court at the request of the defendant, gave a converse instruction, Instruction No. 5, and a contributory negligence instruction, Instruction No. 6. At the instruction conference plaintiff informed the court that she believed that the intervenors had made their case and that they would settle their differences after the return of the verdict. Plaintiff submitted a damage instruction which was Instruction No. 7, MAI 4.01.

Shortly after the jury retired for deliberation, a note was sent to the judge with the following question: "Is it possible to find negligence on the part of *both* the plaintiff and the defendant?" All parties agreed that the court would answer the inquiry as follows: "You are referred to the instructions you have been given." After approximately thirty minutes, the jury returned with the following verdict: "We the jury in the above cause, find in favor of the plaintiff on the issues herein joined and assess her damages at the sum of *0* dollars." The court accepted the verdict and subsequently overruled plaintiff's motion for new trial.

On appeal, appellants contend that the trial court erred in refusing to grant their motion for new trial on the issue of damages alone because the finding in favor of plaintiff for no dollars was grossly inadequate. Defendant argues, however, that the verdict should be considered as a verdict for defendant.

This is not the first negligence case wherein an appellate court has been confronted with the jury verdict finding for the plaintiff but assessing no damages. In *Haley v. Byers Transportation Company,* 394 S.W.2d 412 (Mo.1965) our Supreme Court recognized two lines of authority in such cases. One line established in *Boone v. Richardson,* 388 S.W.2d 68 (Mo.App.1965), holds that a zero verdict is inconsistent and self contradictory and therefore cannot stand. The other line of cases which includes the federal courts considers such a verdict as a verdict for the defendant and enters judgment accordingly. The Court in *Haley* stated that because of the unique circumstances in that case it was not necessary to make a determination as to which line was proper. In *Haley,* the plaintiff had received $80,000 from one of the tort-feasors and the jury was instructed to credit or deduct from plaintiff's total damages the sum of $80,000. Under these facts the court found that the verdict was not inconsistent, rather, it reflected the jury's finding that the amount already paid to the plaintiff either equalled or exceeded the

amount of the plaintiff's damages. Therefore, as a matter of law, the court held that the judgment should have been for the defendants.

Two more recent cases from our court recognize a distinction between the circumstances of *Haley* and *Boone*. In *Pietrowski v. Mykins,* 498 S.W.2d 572, 579 (Mo.App. 1973) and *Strout v. Goveau,* 495 S.W.2d 682, 684 (Mo.App.1973), two consortium cases, verdicts which found for a party plaintiff. but which assessed no damages, were held to be inconsistent.

Here, *Boone* controls. We find that the verdict on its face is so contradictory as to be a nullity. In *Boone* the court reasoned that in order for a jury to return a verdict in favor of the plaintiff it must find 1.) that defendant was negligent and 2.) that plaintiff *sustained* some damage as a direct result of defendant's negligence. If defendant's breach of duty causes no actual damages to the plaintiff, the defendant is entitled to a verdict.[1] 388 S.W.2d at 76.

Defendant argues that plaintiff and intervenors cannot now complain about the verdict because it was the result of their own strategy. Defendant refers to the evidence that was introduced about payments made by the American States Insurance Company. American States Insurance Company paid plaintiff's medical expenses. Over defendant's vigorous objection plaintiff and intervenors presented evidence that plaintiff had received money for temporary and permanent partial disability. Plaintiff made no effort to exclude evidence of these collateral payments and offered no limiting instruction. Defendant contends that this case went to the jury with the jury believing that plaintiff had suffered no damage because her medical expenses, lost salary and wages, and permanent injury had been paid for by American States Insurance Company.

It needs no authority to sustain the proposition that a party cannot avail himself of an invited error. However, as a matter of law, we cannot say that plaintiff's and intervenors' strategy invited the jury's verdict in this case. The verdict should be considered in the light of this record to see if the court could ascertain the jury's intent. *See Thorne v. Thorne,* 350 S.W.2d 754, 757 (Mo.1961). That intention is unclear here.

The evidence shows injury to the plaintiff. She was hospitalized for eleven days. Medical expenses were incurred. Plaintiff's doctor found permanent injury and defendant's doctor found a permanent scar on the leg. However, plaintiff's evidence of any permanent disability was weak. There was evidence of payments by the intervenor, American States Insurance Company. Therefore, the jury could have been saying the defendant was negligent but plaintiff had been injured only slightly and had been fully reimbursed. This is not permitted. If the jury found defendant negligent and plaintiff not contributorily negligent, plaintiff was entitled to damages. On the other hand, it is possible in light of the jury's question to the court just before the verdict that the jury considered both parties negligent and therefore desired to find for the defendant. If the jury found no negligence by defendant or that plaintiff was contributorily negligent, the verdict should have been for the defendant.

The verdict cannot be fairly resolved into a definite finding for either party and therefore it will not support the entry of a judgment. *Boone v. Richardson,* 388 S.W.2d 68, 76 (Mo.App.1965).

The case is reversed and remanded for a new trial on all issues.

DOWD, P. J., and CRIST, J., concur.

---

1. Instruction No. 3, submitted by plaintiff here, is MAI 17.01. It provides that in order for the jury to find for plaintiff, it must find defendant negligent, plaintiff not contributorily negligent, and that plaintiff sustained damage.