**Harold MAHAN, Plaintiff-Appellant,**

v.

**GENERAL GAS COMPANY, INC.,
Defendant-Respondent.**

No. 12340.

Missouri Court of Appeals,
Southern District,
Division Two.

May 21, 1982.

Motion for Rehearing Overruled and
Transfer to Supreme Court Denied
June 11, 1982.

Application to Transfer Denied
July 12, 1982.

Bart L. Strother, Morris & Foust, Kansas City, W. Gary Drover, Icenogle, Drover & Icenogle, Camdenton, for plaintiff-appellant.

Richard E. Dorr, Harrison, Tucker & Dorr, Springfield, for defendant-respondent.

PREWITT, Presiding Judge.

Plaintiff contends that the trial court erred in entering a judgment in favor of defendant based on a jury verdict which found in favor of plaintiff but assessed his damages at "$ 0 ". Pursuant to Rule 81.13(a), the parties filed an agreed statement which included the following:

"(a) This is a personal injury action arising from a rear-end vehicular collision wherein a truck owned by Defendant struck the left rear of a car operated by Plaintiff as Plaintiff was making a left turn on Highway 5 immediately North of Lebanon, Missouri.

(b) Plaintiff's car was pushed forward by the impact, after which, Plaintiff proceeded North on Highway 5 a short distance made a left turn and returned back to a point on a side street and stopped where Defendant's driver had parked his truck.

(c) Plaintiff had no visible injuries at the scene and stated he thought he was okay.

(d) Plaintiff's car had damage on the left rear; Plaintiff testified the frame of the front seat was bent as a result of the accident, and that his insurance adjuster had stated it would take $50.00 to fix it.

(e) Plaintiff was going to a job interview at the time of the accident. After the accident, Plaintiff went to the job interview and received the job as a salesman on a delivery route.

(f) Plaintiff testified that he started work at his new job, but almost immediately developed back pain which caused him to seek medical attention and resulted in Plaintiff missing several days work.

(g) Plaintiff testified regarding his alleged injuries, present complaints and that he had been treated by his family physician, a chiropractor and an orthopedic specialist for his alleged injuries.

(h) Plaintiff's orthopedic specialist, Dr. Harvey Michael of Springfield, Missouri, testified that in his opinion, Plaintiff had sustained a permanent injury as a result of the accident in the form of soft tissue injury and a narrow disc space or degenerative disc disease. There was no other medical witness on behalf of Plaintiff.

(i) Defendant's medical expert, also an orthopedic specialist, Dr. Charles Ash, of Springfield, Missouri, testified he had examined Plaintiff and in his opinion, the disc space was normal, there was no degenerative disc disease present in Plaintiff and no objective evidence of any personal or permanent injury.

(j) The orthopedic specialists disagreed with each other as to whether an impact from the rear could cause the injuries complained of by Plaintiff.

(k) There was no evidence presented concerning medical expenses or lost wages.

(l) There was no evidence presented concerning joint tortfeasors.

(m) Plaintiff's counsel stipulated at the close of all the evidence that Plaintiff was not making a claim for property damage.

(n) At the close of all the evidence, it was agreed by counsel for both parties that no evidence had been presented concerning medical expenses or lost wages and the Trial Court then granted a directed verdict in favor of Defendant and against Plaintiff as to any claims for lost wages or medical expenses.

(o) Plaintiff's verdict directing instruction was based on MAI 17.16. A copy of

said instruction is included in the legal file and incorporated herein by reference.

(p) Plaintiff's damage instruction was based on MAI 4.01. A copy of said instruction is included in the legal file and incorporated herein by reference.

(q) The Trial Court gave no instruction to the jury concerning the absence of a claim for property damage or the directed verdict in favor of Defendant as to claims for lost wages and medical expenses.

(r) The jury was advised by counsel during closing argument that in regard to the damage instruction, Plaintiff was not claiming for medical expenses, lost wages or damage to his car and these matters should not be considered in regard to their computation of damages for which Plaintiff should be compensated. The jury was further advised to consider only whether or not Plaintiff should be compensated for personal injury.

(s) The jury was provided a verdict form based on MAI 36.01 (tendered by Plaintiff) and returned their verdict on said form."

Plaintiff's claim was submitted to the jury by Instruction Number 5 which stated:
"Your verdict must be for plaintiff if you believe:
First, defendant's vehicle came into collision with the rear of plaintiff's automobile, and
Second, defendant was thereby negligent, and
Third, as a direct result of such collision, plaintiff sustained damage
unless you believe plaintiff is not entitled to recover by reason of Instruction Number __6__."

Instruction 6 was a contributory negligence instruction tendered by defendants.

Plaintiff contends that the verdict was inconsistent and that a judgment could not be entered on it. He relies upon *Boone v. Richardson*, 388 S.W.2d 68 (Mo.App.1965) and other cases following it; *Allen v. Andrews*, 599 S.W.2d 262 (Mo.App.1980); *Porter v. Mallet*, 596 S.W.2d 451 (Mo.App.1980); *Pietrowski v. Mykins*, 498 S.W.2d 572 (Mo.

App.1973); *Stroud v. Govreau*, 495 S.W.2d 682 (Mo.App.1973); *Kennedy v. Tallent*, 492 S.W.2d 33 (Mo.App.1973).

In contending that the jury's verdict was consistent with the facts before them, defendant relies primarily on *Haley v. Byers Transportation Company*, 394 S.W.2d 412 (Mo.1965). There was no evidence of a joint tort-feasor or of a settlement in the present case as in *Haley*, but respondent emphasizes that "there was evidence of the existence of damages for which the jury was not to compensate plaintiff, i.e., property damage, medical expenses and lost wages." Respondent also contends that *Boone* should no longer be followed and we should follow the cases that treat a verdict in favor of the plaintiff and assessing "$0" damages as a verdict for defendant. See *Haley v. Byers Transportation Company*, supra, 394 S.W.2d at 416; Annot., 49 A.L. R.2d 1328 (1956).

██ A verdict should be considered in light of the record to see if the court can ascertain the jury's intent, even when the verdict is inartfully expressed. *Boone v. Richardson*, supra, 388 S.W.2d at 76. The courts will construe a verdict liberally to ascertain the jury's intent, and if such intention is ascertainable and the verdict includes findings on the issues required, it is a proper verdict and judgment should be entered thereon. *Haley v. Byers Transportation Company*, supra, 394 S.W.2d at 415. If an apparent ambiguity in a verdict can be resolved by resorting to other parts of the record, there is no reason to require another trial. *Allen v. Andrews*, supra, 599 S.W. at 265. There this district declined to reconsider the ruling in *Boone*, stating that there was no intention in *Boone* to state an absolute rule of law.

We do not think the holding in *Boone* applies here. There was no evidence in *Boone* that plaintiff suffered any damages other than those she sought in the suit. Her husband had filed a separate suit claiming medical expenses and damages to the vehicle, but those were not her damages. There the jury had to make a finding that she was injured in the respect for

which damages were sought in order to render a verdict for her. That is not true here. Here there was damage to plaintiff's vehicle but he did not seek those damages. As the court said in *Haley*, 394 S.W.2d at 416, if the plaintiff in *Boone* was injured as a result of defendant's negligence, she was entitled to recover and if she was not injured "then one of the three essential elements was missing and there was no actionable negligence and there should have been a verdict for defendant." Here, even if plaintiff did not suffer any personal injury, he still had damages, but he could not recover for them under the suit as filed and prosecuted.

In *Porter v. Mallet*, supra, 596 S.W.2d at 452–453, the court noted that a jury in returning a verdict for plaintiff for "0 dollars" could have been saying that defendant was negligent, but plaintiff had been injured only slightly and had been fully reimbursed. However, the reimbursement in *Porter* was by a workmen's compensation carrier whose payments defendant could not have received credit for. If the jury found that the defendant was negligent and plaintiff not contributorially negligent, then the plaintiff in *Porter* should have received a monetary award.

As we read *Boone, Porter*, and the other cases relied on by plaintiff, the verdicts for a plaintiff with the award of no damages were necessarily inconsistent. In this case the jury instructions were such that the verdict was not inconsistent. If the jury followed Instruction No. 5 literally and did not believe plaintiff was contributorially negligent, it would have been difficult not to have found for plaintiff. There was a collision; the circumstances indicate that defendant was probably negligent; and there was no dispute that plaintiff sustained damage. The main dispute was whether he sustained the damage for which he was seeking compensation. However, the instruction requires the jury to find that as a direct result of the collision plaintiff sustained damage, not that they were to find that plaintiff sustained the damage for which he sought recovery. We believe it apparent that the jury found that defendant was negligent, which caused the collision, but did not believe that plaintiff suffered the damages sought. The result was similar to that in *Patison v. Campbell*, 337 S.W.2d 72, 76 (Mo.1960), which upheld a judgment based on a verdict finding the issues in favor of plaintiff and assessing damages "in the amount of $No Dollars."

We do not believe that any parts of the verdict are necessarily contradictory under the facts and instructions here and that the jury's intention was sufficiently ascertainable for the trial court to enter a judgment for the defendant.

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.