Stephen HOYER, et al., Plaintiffs–Respondents,

v.

LACLEDE GAS COMPANY and Michael White, Defendants–Appellants.

No. 53246.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Application to Transfer Denied Nov. 15, 1988.

John G. Enright, Kortenhof & Ely, St. Louis, for defendants-appellants.

Richard J. Burke, Jr., Padberg, McSweeney, Slater & Merz, St. Louis, for plaintiffs-respondents.

STEPHAN, Presiding Judge.

This action involved personal injury and property damage claims arising out of an automobile collision. The jury returned a verdict which assessed fault but not total damages. The trial judge accepted the verdict but later allowed plaintiff's motion for new trial on the issue of damages only. Defendant appeals the order, we affirm.

The accident occurred while both plaintiff, Hoyer, and defendant, White, were traveling southbound on Kingshighway. White collided with the rear-end of Hoyer's automobile, sending both cars out of control. White's car struck a Laclede Gas compressor, parked on the side of the road, and Hoyer's car struck a Laclede Gas backhoe tractor.

Hoyer brought this action for personal injuries against White and Laclede Gas. Laclede Gas filed a counterclaim against Hoyer for damage to the backhoe and compressor, and filed a cross-claim against White for damage to the same equipment.

After four days of trial the case was submitted to the jury. After deliberating, the jury returned Verdict A, relating to Hoyer's personal injury claim, which assessed 0% fault to Laclede Gas, 45% fault to White and 55% fault to Hoyer. In completing the damages portion of the verdict form, the jury wrote, "No $00.00 monetary reimbursement," in spite of the fact that the uncontradicted evidence was that Hoyer had sustained moderately severe personal injuries which required five days of hospitalization followed by fourteen weeks on crutches and resulted in medical bills in excess of $5,500.00, as well as $900.00 in lost wages. On Verdict B, relating to Laclede Gas's property damage claim, the jury assessed 0% fault to all three parties and made an entry, "No monetary reimbursement."

Immediately after the verdicts were returned, but before they were formally received, an extensive bench conference took place. Before deciding to accept the verdicts, the trial court considered many different options including mistrials and sending the jury back to deliberate further.

Hoyer filed a timely motion for new trial or in the alternative judgment notwithstanding the verdict. White did not file a motion for new trial. On May 15, 1987, the trial court sustained Hoyer's motion for new trial on the issue of damages only as to White. Laclede Gas did not appeal.

This appeal was taken pursuant to Rule 84.05(b), therefore, per appellant White's request, respondent filed the original and reply briefs.

The order of the trial court read, "Plaintiff granted a new trial on issue of damages only as to Defendant Michael White (*Jorgensen v. Kansas City, et al.*, 725 S.W.2d 98 [ (Mo.App.1987) ]; *Douglas (sic.) v. Safire*, 712 S.W.2d 373 [ (Mo.1986) ])." White contends that the trial court has not specified why the new trial was granted. This would, therefore, invoke Rule 84.05(c), which states "If the trial court grants a new trial without specifying discretionary grounds, it shall never be presumed that the new trial was granted on discretionary grounds." We should, it is asserted, presume error and shift the burden to the respondent, to whom the new trial was granted. *Moran v. North County Neurosurgery, Inc.*, 714 S.W.2d 231, 232 (Mo. App.1986).

■ We do not agree with White's contention. The trial court has stated the reasons why the motion was sustained. *Jorgensen v. Kansas City, et al.*, 725 S.W. 2d 98 (Mo.App.1987) and *Douglass v. Safire*, 712 S.W.2d 373 (Mo. banc 1986), discussed the question of inconsistent verdicts. In both cases, it was held that the question must be presented to the trial court before the jury is dismissed in order to preserve the point for appeal. *Douglass*, 712 S.W.2d at 374. The point was properly preserved here. The trial court, therefore, granted a new trial on damages only based on the fact that Verdict A was internally inconsistent. Since we find that a reason was stated for the granting of the new trial, Rule 84.05(b) does not apply. We, therefore, review to determine if the trial court has clearly abused its discretion in granting the new trial. *Holtgrave v. Hoffman*, 716 S.W.2d 332, 334–335 (Mo. App.1986).

Generally, an appellate court is more liberal in upholding a trial court's order granting a new trial than in denying one. *Id.* The reason for this is that, in granting a new trial, the court is taking advantage of an opportunity to correct any of its own errors. *Union Electric Company v. Turner*, 446 S.W.2d 430, 433 (Mo.App. 1969). If the trial court, after reviewing its discretionary decisions, determines that its discretion was not wisely exercised and some prejudice may have occurred, a new trial may be granted. *Id.*

■ Verdict A, as returned by the jury, was internally inconsistent. The jury was instructed in three different places, the verdict directing instruction, defendants' converse instruction and on the verdict form itself, that in order to assess any percentage of fault to either defendant they must find that Hoyer was damaged. Total damages were to be calculated and placed on the verdict form *regardless of the percentage of fault attributed to Hoyer.*

■ A claim that a verdict is inconsistent must be presented to the trial court before the jury is discharged. *Douglass*, 712 S.W. 2d at 374. It is not enough to raise the defect for the first time in the motion for new trial; the error is only preserved by objection. *Jorgensen*, 725 S.W.2d at 105.

Here, there was an extensive bench conference in which all parties joined. While it is true that no one said, "I object", all parties did offer their views. Hoyer's counsel stated that the verdict should be set aside or else a mistrial should be declared. Furthermore, after a conference with counsel off the record, the trial court noted that, "we have explored numerous options from the Court declaring a mistrial at this point to the Court sending the jury back up with instructions ..." concerning the inconsistency in Verdict form A. This claim, then, was presented to the court and

was further preserved by the motion for new trial. We can infer that the court, after deliberating further on the problem, decided to grant the new trial on damages only. We find no abuse of discretion in this decision.

A new trial on all issues was unnecessary. The three part test approved in *Nance v. Kimbrow,* 476 S.W.2d 560, 562 (Mo.1972) is satisfied in these circumstances: liability and damages required separate and distinct findings; liability has already been determined; and, White will not be prejudiced by a new trial on damages only.

White also asks that we consider that a new trial on *all issues* should have been granted. He contends that liability was not established because Verdicts A and B are inconsistent with each other. We do not agree. Verdict A dealt only with Hoyer's personal injury claim and Verdict B only with Laclede Gas's property damage claim. The jury was not to assess any fault on Verdict B unless they found Laclede Gas had been damaged. The jury did not find any property damage and, therefore, did not assess any fault. White's attorney moved for a directed verdict against Laclede Gas on its cross-claim against White, arguing that Laclede Gas failed to make a submissible case as to damages. He should not now be heard to complain that the jury found no such damage. It was not necessary for the jury to find, nor were they instructed to find, that White was liable on both counts in order to find him liable at all. Point is denied.

White raises two other points on appeal, but he failed to file a motion for new trial to preserve these points. We, therefore, do not consider them. *Dixon v. Model Cities Health Corporation of Kansas City,* 651 S.W.2d 498, 499 (Mo.App.1983).

The judgment of the trial court is affirmed.

DOWD and PUDLOWSKI, JJ., concur.