James D. WHITE, Plaintiff–Appellant,

v.

Jesse M. OTTEN,
Defendant–Respondent.

No. 58782.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 11, 1991.

Charles E. Stine, Jr., Hannibal, for plaintiff-appellant.

Mark S. Wasinger, Hannibal, for defendant-respondent.

CRANE, Judge.

Plaintiff James White appeals from the judgment of the circuit court entered pursuant to a jury verdict finding both plaintiff and defendant Jesse Otten equally at fault, but assessing no damages, in a negligence action arising from an automobile collision in Hannibal, Missouri. The trial court denied plaintiff's motion for new trial. We affirm.

For his first point plaintiff argues that the trial court abused its discretion by accepting the verdict which plaintiff claims was inconsistent in that the jury allocated fault but found no damages. Plaintiff directs us to the jury instructions in this case which instructed the jurors to assess a percentage of fault *if* they believed as a

direct result of defendant's negligence "plaintiff sustained damage". Plaintiff argues that under these instructions the jury could not have assessed fault unless it believed plaintiff was damaged and therefore the jury's finding of no damage was inconsistent. We disagree.

■ In interpreting verdicts, the court should look at the entire record to ascertain the jury's intent, and construe the verdict liberally so that it may be given effect where possible. A verdict is sufficiently certain if it finds substantially on the required issues. *Campbell v. Kelley*, 719 S.W.2d 769, 771 (Mo. banc 1986); *Haley v. Byers Transportation Co.*, 394 S.W.2d 412, 415 (Mo.1965); *Mahan v. General Gas Co.*, 634 S.W.2d 561, 563 (Mo.App.1982).

Missouri appellate courts have generally treated a verdict in a negligence action which finds defendant negligent but awards no damages as invalid. *Porter v. Mallet*, 596 S.W.2d 451, 452–53 (Mo.App. 1980); *Pietrowski v. Mykins*, 498 S.W.2d 572, 579 (Mo.App.1973); *Stroud v. Govreau*, 495 S.W.2d 682, 684 (Mo.App.1973). Our Missouri supreme court has recognized another line of authority that in such a situation the verdict is in effect a verdict for defendant, but has not resolved the split of authority. *Campbell*, 719 S.W.2d at 771; *Haley*, 394 S.W.2d at 415.

■ Because of the unique facts of this case, we need not apply either rule, but can give effect to the verdict as was done in *Mahan* under similar circumstances. At trial plaintiff sought damages only for personal injury. There was uncontradicted evidence that plaintiff's vehicle also was damaged. However, plaintiff did not seek recovery for this property damage because defendant's motion *in limine* to preclude submission of property damage to the jury had been sustained. Plaintiff's verdict director and defendant's converse required the jury only to find plaintiff sustained damage, not necessarily personal injury damages. The jury could logically find plaintiff did, in fact, sustain damage, *i.e.* the damage to his car, without also finding that he sustained personal injury to himself as a result of the accident, and then, con-

sistent with the instructions, proceed to allocate fault. Since the case did not submit the property damage claim, but, instead, only the personal injury claim, the verdict was not necessarily inconsistent. As was held in *Mahan:*

> There was a collision; the circumstances indicate that defendant was probably negligent; and there was no dispute that plaintiff sustained damage. The main dispute was whether he sustained the damage for which he was seeking compensation. However, the instruction requires the jury to find that as a direct result of the collision plaintiff sustained damage, not that they were to find that plaintiff sustained the damage for which he sought recovery.

634 S.W.2d at 564.

*Hoyer v. Laclede Gas Co.*, 759 S.W.2d 242 (Mo.App.1988), on which plaintiff relies, does not compel a different result. In *Hoyer* this court affirmed the grant of a new trial following a jury's assessment of 55%–45% fault, but zero damages. 759 S.W.2d at 244. However, in *Hoyer* there was uncontradicted evidence that Hoyer had sustained moderately severe personal injuries resulting in substantial medical bills and lost wages. *Id.* at 243. There was no issue of unsubmitted property damages as in this case and in *Mahan*. Thus the jury in *Hoyer* could not have found damages other than those for which plaintiff sought recovery. Point one is denied.

■ For his second point plaintiff argues that the trial court abused its discretion in overruling his motion for a new trial on the grounds that the verdict was against the weight of the evidence. Unless there is an abuse of discretion, an appellate court may not rule on the weight of the evidence in a jury-tried case because this determination is within the exclusive province of the trial court. *Strickner v. Brown*, 491 S.W.2d 253, 255 (Mo.1973); *Dennis v. St. Louis Board of Education*, 809 S.W.2d 20, 21 (Mo.App.1991). The essential question is whether the trial court abused its discretion. When a motion for new trial has been denied, appellate review is limited to evidence which supports the trial court's

ruling. *Helm v. Wismar*, No. 57896, slip op. at 8 (Mo.App.E.D. April 30, 1991); *Summers v. Fuller*, 729 S.W.2d 32, 33 (Mo. App.1987). The trial court is accorded wide discretion because it may take into consideration the credibility of the witnesses and weigh the evidence. *Summers*, 729 S.W.2d at 34.

■ We find no abuse of discretion. Plaintiff argues only that "[t]here was ample evidence in this case that the Plaintiff had sustained damages as a result of this collision" without further amplification. The jury heard evidence regarding plaintiff's health, both before and after the accident. The jury was free to believe that plaintiff's medical complaints were from earlier problems and not attributable to the accident. The jury could reject the testimony of plaintiff's chiropractor concerning plaintiff's subjective signs of injury, particularly in light of the several x-rays disclosing no objective signs of trauma. Point two is denied.

The judgment of the trial court is affirmed.

KAROHL, P.J., and CRIST, J., concur.