**Francis L. KRAME, and Francis F. Krame, her husband, Plaintiffs/Appellants,**

v.

**Karen (Viscuso) WALLER and Daniel J. Fagnani, Defendants/Respondents.**

No. 61014.

Missouri Court of Appeals, Eastern District, Division Two.

March 2, 1993.

Russell F. Watters, Brown & James, P.C., St. Louis, for plaintiffs/appellants.

Joanne G. Ross, Kortenhof & Ely, St. Louis, for Karen (Viscuso) Waller.

Thomas J. Magee, Moser & Marsalek, P.C., St. Louis, for Daniel Fagnani.

GRIMM, Judge.

In this jury-tried action, plaintiffs Francis L. (Fran) Krame and her husband Francis F. Krame sought to recover damages suffered as a result of two separate vehicular collisions Fran had; one with defendant Karen Waller, the other with defendant Daniel Fagnani. The jury found in Fran's favor and assessed her damages at $1,000.00 against each defendant, for a total of $2,000.00. The jury found husband did not sustain any damages. On appeal, among other things, she contends the award was inadequate. We affirm.

## I. Background

On October 6, 1986, while en route to Syberg's, plaintiff's[1] vehicle was struck in the rear by a vehicle driven by defendant Waller. The collision was described as a "fender-bender type accident." Following the collision, her teeth and neck hurt. No medical treatment was obtained that evening. Rather, plaintiff continued on to her destination.

The next morning, plaintiff awoke in pain. She saw a chiropractor that day and continued seeing the chiropractor during 1986 and 1987.

Sixteen days after her collision with the Waller vehicle, defendant Fagnani's vehicle collided with hers, pushing it into the side of a Bi–State bus. Plaintiff was bounced around in the car.

Between the time of the first collision and the trial in July 1991, plaintiff saw numerous types of physicians. Physicians prescribed about fifty different medications for her. She presented evidence that she incurred over $27,000.00 in medical bills and other expenses.

Medical evidence presented by defendants and plaintiff conflicted concerning whether plaintiff's complaints and injuries were caused by the collisions. Photographs of plaintiff's and defendant Waller's vehicles, taken after the first collision, showed minimal damage to either vehicle.

## II. Post-trial Motions

For her first point, plaintiff alleges the trial court erred in overruling her alterna-

---

1. For ease of reading, all future references to the plaintiffs will be in the singular and will refer to Fran Krame.

tive motions for j.n.o.v., additur or new trial because the $2,000.00 jury verdict "was grossly inadequate and against the weight of the uncontroverted medical evidence which showed that [she] had been injured as a result of the collisions and had incurred reasonable medical expenses as a result of the two collisions in the amount of $27,636.96."

■ Plaintiff first asserts that her motion for j.n.o.v. should have been granted. However, where, as here, damages are unliquidated, the amount of damages to be awarded is a jury question. Thus, the trial court did not err in denying plaintiff's motion for a j.n.o.v.

■ Next, plaintiff asserts that additur was appropriate in this case. However, she did not develop this issue in the argument portion of her brief. As a result, she did not preserve this issue for appellate review. *See Hall v. Hall,* 804 S.W.2d 411, 415 (Mo.App.W.D.1991); *see also* Rule 84.-04; *Big Boys Steel Erection, Inc. v. Hercules Constr. Co.,* 765 S.W.2d 684, 687 (Mo.App.E.D.1989) ("We are not required to address assertions made without reasoning.")

Finally, plaintiff asserts that the trial court should have granted her motion for a new trial. She argues the jury verdict was grossly inadequate and against the weight of the evidence.

■ Our review of the trial court's denial of plaintiff's motion for new trial on these grounds is "limited to whether the trial court abused its discretion." *Barr v. Plastic Surgery Consultants, Ltd.,* 760 S.W.2d 585, 588 (Mo.App.E.D.1988) (citing *Summers v. Fuller,* 729 S.W.2d 32, 33 (Mo.App.E.D.1987)). Our consideration is confined to the evidence that supports the trial court's ruling. *White v. Otten,* 810 S.W.2d 704, 705–06 (Mo.App.E.D.1991).

■ The trial court has broad discretion; it may consider the credibility of the witnesses and weigh the evidence. *Id.* 810 S.W.2d at 706. We, on the other hand, do not weigh the evidence. *Lauber v. Buck,*

615 S.W.2d 89, 91 (Mo.App.E.D.1981). We will disturb the trial court's ruling "only when there is a complete absence of probative fact to support a verdict." *See Lauber,* 615 S.W.2d at 91.

We acknowledge that plaintiff's expenses exceeded the amount of damages the jury awarded. However, a finding of negligence does not require a jury to find "that all the post-accident ailments detailed by [plaintiff] ... were proximately caused by [defendants]." *Voss v. Anderson,* 745 S.W.2d 189, 192 (Mo.App.E.D.1987). Jurors are free to reject evidence, even expert testimony concerning causation.

■ We find no abuse of discretion. Our review of the evidence indicates there were rational bases for the jury's award. The verdict was not unresponsive to the evidence. *See id.* 745 S.W.2d at 192–93. Point denied.

### III. Physicians' Letters

For her second point, plaintiff alleges "the trial court erred in allowing [defendant Fagnani's] attorney to read into evidence excerpts from letters of Dr. Yoon and Dr. Shitut because they were inadmissible hearsay, the defendant failed to lay a proper foundation and because the court would not allow the entire letter to be read into evidence resulting in prejudice to the plaintiff."

### A. Hearsay

■ At trial, plaintiff never objected to these letters on the basis that they were hearsay.[2] "A party may not present for consideration on appeal a different ground than that asserted at trial." *Dummit v. Burlington Northern R.R. Co.,* 789 S.W.2d 136, 139 (Mo.App.E.D.1990).

### B. Experts' Qualifications

■ At trial, plaintiff objected to the reading of the excerpts because neither doctor had been qualified as an expert. The trial court overruled her objection.

"[Q]ualification of a witness as an expert is largely within the discretion of the trial

---

**2.** Plaintiff's appeal attorney was not her trial   attorney.

judge." *Seabaugh v. Milde Farms, Inc.*, 816 S.W.2d 202, 208 (Mo.banc 1991). Here, plaintiff admitted that she sought the opinions of these physicians on her own. She further admitted that Dr. Yoon is a neurosurgeon, and Dr. Shitut, an orthopedic surgeon. She testified that both physicians, after examining her, advised her that surgical intervention was not necessary.

We will not disturb the trial court's ruling on the qualifications of an expert absent a showing of a clear abuse of discretion. *See Hord v. Morgan*, 769 S.W.2d 443, 448 (Mo.App.W.D.1989). "If the witness has some qualification the testimony should be permitted." *Id.* The trial court did not err in overruling this objection.

### C. Rule of Completeness

At trial plaintiff also objected to defendant Fagnani's counsel reading only a portion of these letters. Plaintiff argued that defendant Fagnani's counsel should read both letters in their entirety. The trial court overruled her objections.

■ When one party introduces portions of an exhibit, the adverse party is entitled to offer other relevant, admissible portions of the exhibit into evidence. *See Carter v. Matthey Laundry & Dry Cleaning Co.*, 350 S.W.2d 786, 792 (Mo.Div. 2 1961). We note, however, that, plaintiff's counsel made no attempt to read the balance of the letters to the jury.

■ Here, plaintiff attempts to place the onus of reading the other portions of the exhibits on defendant Fagnani. However, defendant Fagnani did not bear that responsibility. If plaintiff wanted other portions read to the jury, she should have offered them. She failed to do so. Point denied.

### IV. Repair Estimate

■ For her third point, plaintiff contends that the trial court erred in not allowing her to admit a repair estimate concerning damage to her car. She alleges she was prejudiced because she was unable to "refute defendant's argument that the

damage to [her] vehicle was slight based on photographs of [her] vehicle."

Defendant made a pretrial motion in limine to exclude the repair estimate. Plaintiff admits (1) the hearing on this motion was off the record, (2) the trial court sustained defendant's motion, and (3) she failed to make an offer of proof concerning the repair estimate at trial.

"Generally, appellate courts will not review excluded evidence without a specific and definite offer of proof." *Frank v. Environmental Sanitation Management, Inc.*, 687 S.W.2d 876, 883 (Mo.banc 1985). Although there is a "very narrow" exception to this rule, it is not applicable here. *See id.* at 883–84. Point denied.

### V. Dentist's Record

For her fourth point, plaintiff asserts that the trial court erred by refusing the jury's request during deliberations to see plaintiff's dentist's record because it "showed that [she] did not suffer from any jaw injury or pain prior to the accident and because the trial court's actions were arbitrary in that the trial court stated that as a matter of course the court did not allow the jury to see medical records."

■ The trial court has broad discretion to refuse to send an exhibit to the jury while it deliberates. *Rob–Lee Corp. v. Cushman*, 727 S.W.2d 455, 458 (Mo.App. E.D.1987). Here, the trial judge indicated before trial that he would not "send medical records [to the jury room] because the medical records always contain a lot of hearsay stuff in the records."

■ Even if the trial court's statement is considered arbitrary, *see Freeman v. Kansas City Power & Light Co.*, 502 S.W.2d 277, 282–83 (Mo.Div. 1 1973), there is no proof of prejudice to plaintiff, *see Aluminum Prods. Enters., Inc. v. Fuhrmann Tooling and Mfg. Co.*, 758 S.W.2d 119, 122–23 (Mo.App.E.D.1988).

Plaintiff's dentist testified he examined her both before and after the accidents. He said that in his examinations of her before the collisions, she did not have any problems with her jaw. When he saw her

on December 30, 1986, however, she complained of pain and he noted "disharmony between the joint, the bite, the teeth. . . ." Thus, the oral evidence covered in detail all of the subject matter shown in the dentist's record. *See Eller v. Crowell,* 238 S.W.2d 310, 313 (Mo.Div. 1 1951). Point denied.

### VI. Evidence of Plaintiff's Emotional & Psychological Problems

■ For her fifth point, plaintiff alleges "the trial court erred in allowing into evidence testimony concerning various emotional and psychological problems of plaintiff because the evidence was irrelevant, highly inflammatory and unfairly prejudicial and the trial court further erred in allowing defendant's counsel to argue that these irrelevant emotional problems were the cause of plaintiff's physical pain and suffering because there was no qualified evidence to make such an argument."

In her brief plaintiff admits she made no objections to this evidence or argument at trial. We review for plain error. *See* Rule 84.13(c).

Early in plaintiff's testimony, her attorney questioned her concerning drug use, psychiatric hospitalizations and visits with a psychiatrist when she was a teenager. She also testified about her treatment after the accident with a psychologist with the Pain Management Program of the School of Behavioral Medicine at St. Louis University. This psychologist testified on plaintiff's behalf.

Plaintiff herself presented evidence of these problems. We find no manifest injustice or miscarriage of justice. *See id.* Point denied.

The judgment of the trial court is affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.