**Joe Douglas COPELAND and Tracy Lynn Copeland, Plaintiffs–Appellants,**

v.

**John COMPTON, Defendant–Respondent.**

No. 19830.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 17, 1996.

Andy B. Hodges, Springfield, for plaintiffs-appellants.

June Clark, Carmichael, Gardner & Clark, Springfield, for defendant-respondent.

SHRUM, Chief Judge.

Joe and Tracy Copeland (Plaintiffs)[1] appeal from an adverse judgment entered pur-

---

**1.** Without intending disrespect, we refer to Plain-    tiffs individually as "Joe" and "Tracy." Collec-

suant to a jury verdict in their damage suit against Amy Nelson[2] (Defendant) for her alleged negligent operation of an automobile.

In their first two points, Plaintiffs charge that there was a complete absence of probative facts to support the jury's verdict that Defendant was not liable and, consequently, the trial court erred and abused its discretion in denying their motion for a new trial on that basis. In their third point, Plaintiffs contend that the trial court committed prejudicial error when it excluded the term "policyholder" from Plaintiffs' "insurance question" during voir dire. We disagree with Plaintiffs' first two points. Plaintiffs have not preserved their third point. We affirm.

On April 26, 1993, automobiles operated by Joe and Defendant collided with each other on the streets of Springfield, Missouri. Joe was travelling along Sunshine Street when Defendant, who had been stopped at a stop sign on Woodward Street, attempted to cross Sunshine to reach a supermarket on the other side. Defendant did not see Joe when she pulled out and, although he swerved, he was unable to avoid the collision.

The policeman who investigated the accident testified at trial that there were no skid marks indicating that Joe was travelling at an excessive rate of speed. He also testified that he issued Defendant a ticket for failure to yield the right-of-way.

■ As mentioned earlier, Plaintiffs' first two points maintain that the trial court erred when it overruled their motions for new trial. Such assertions of error, when read literally, do not present an issue for review. "[D]enial of a motion for new trial is not an appealable order; but appeal must be taken from the judgment to which the motion was directed." *Hitt v. Martin*, 872 S.W.2d 121, 122[1] (Mo. App.1994). Nevertheless, from the argument

portion of Plaintiffs' brief, we perceive that Plaintiffs merely inartfully worded their first two points relied on, and indeed, they are appealing from the trial court's judgment. *See White v. Land Clearance For Redevelopment Authority*, 841 S.W.2d 691, 694 (Mo. App.1992). We presume that in their first two points Plaintiffs are challenging the sufficiency of the evidence supporting the jury's verdict.

■ In Point I, Plaintiffs argue that:

"The verdict for *liability* in favor of [Defendant] was not supported by substantial evidence, or for that matter any evidence. There was absolutely no evidence at trial which could allow a jury to find a verdict of *no liability* for [Plaintiffs], and by not granting a new trial on this issue alone the trial court abused its discretion." (Emphasis added.)

To support this argument, Plaintiffs insist that Defendant conceded "liability" when her counsel made certain statements in the jury's presence to the effect that "fault" was not a significant issue in the case. They also point to trial testimony which tends to show that Defendant negligently operated her automobile. The flaw in Plaintiffs' position is their failure to recognize the breadth of meaning associated with the term "liability."[3]

■ "In any action for negligence, the plaintiff must establish that (1) the defendant had a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury." *Martin v. City of Washington*, 848 S.W.2d 487, 493[10] (Mo. banc 1993). As one court explained liability, "It is axiomatic that the mere fact that injury follows negligence does not necessarily create liability. Plaintiff must also prove the

---

tively, we refer to them as Plaintiffs.

2. Amy Nelson passed away after trial due to causes unrelated to the collision. A defendant *ad litem*, John Compton, takes her place as the respondent on appeal. We will collectively refer to them as "Defendant."

3. In oral argument, Plaintiffs argue for the first time that a remark made by defense counsel in her closing statement constituted an admission of causation. We disagree. The remark, "As Dr.

Carter made clear to you, we are not claiming that all of the things done in John Tindall's office were unreasonable or that they weren't necessary[,]" solely pertains to the question of damages. Given that this record is replete with defense counsel's efforts to persuade the jury that Joe's treatment expenditures were not caused by this accident, Plaintiffs' suggestion that "necessary" means "caused by this accident" is ill-considered and is rejected.

negligent conduct amounted to a violation of some duty owed to him and that the conduct was an efficient and proximate cause of his injury." *Buck v. Union Electric Co.,* 887 S.W.2d 430, 433[4] (Mo.App.1994). Liability is the conclusion when there is a duty, breach, and causal connection between the conduct of the defendant and the resulting injury to the plaintiff. *Schaffer v. Bess,* 822 S.W.2d 871, 876[4] (Mo.App.1991).

In this case, if Defendant conceded anything it was "negligence," i.e., duty and breach; not liability—the whole prima facie case. However, we need not decide if "negligence" was admitted since Plaintiffs apparently assert that the alleged concession of these two elements made a jury finding against them impermissible, any other issues notwithstanding. This is obviously not so, since a plaintiff with a negligence claim must also prove the element of causation and damages.

When insufficiency of the evidence to support a verdict is the claim on appeal, our standard of review is as follows:

"An appellate court interferes with a jury verdict only if there is a complete absence of probative facts to support a jury verdict.... The reason for this rule is that the plaintiff bears the burden to prove that the defendant was negligent and that plaintiff's injuries directly resulted from the defendant's negligence.... The sufficiency of the evidence to support a defendant's verdict is not a question amenable to appellate review."

*Hitt,* 872 S.W.2d at 123[4–5] (citations omitted).

As the verdict here was for Defendant, we look to the evidence to determine whether probative facts existed to support the jury's implicit finding that Plaintiffs failed to prove one or more elements of their prima facie case. We focus on causation, since our review of the record indicates that probative facts supported a jury verdict based on Plaintiffs' failure to prove this element.

Joe claimed that injuries to his neck and back resulted from his collision with Defendant. However, evidence of similar ailments which predated the accident as well as statements made by Joe following the collision contradicted the testimony offered by Plaintiffs.

In 1972, Joe fractured his back in a bicycle accident, and that injury resulted in chronic and severe neck, head, and back pain. At that time (1972), Joe was obese and continued to be overweight throughout his adult life. At one point prior to 1992, his weight reached 336 pounds, although he was only 5'5" tall. Joe was involved in no fewer than three automobile accidents which predated his collision with Defendant, in 1979, 1980, and 1987. In all three he was treated for either neck or back pain, or both, as a result of the accidents.

Joe testified that he had no complaints of pain at the scene of the accident in question. Joe also admitted that he lied about his medical condition to a doctor he saw in connection with an on-the-job injury he sustained after the collision with Defendant.

We conclude that this record contains probative facts to support a jury verdict for Defendant.[4] The jury was entitled to believe that Joe's injuries did not directly result from Defendant's negligence.

■ Although Plaintiffs assert that they offered a variety of testimony proving the element of causation, a jury is allowed to disbelieve some or all of any witness' testimony. *See Wells v. Bellman,* 531 S.W.2d 770, 771 (Mo.App.1975). Plaintiffs simply failed to meet their burden of proving that their injuries directly resulted from Defendant's negligence. Since our review is limited to the question of whether there was a complete lack of probative facts to support the Defendant's verdict, deciding there was not, we conclude that the trial court did not err in failing to grant Plaintiffs' motion for new trial on the grounds that no substantial evidence supported the verdict in favor of Defendant. Point I is denied.

---

4. Tracy's claim for loss of consortium is not mentioned in Plaintiffs' brief. As the issue of causation regarding Tracy's derivative claim was wholly dependent upon the success of Joe's claim, the judgment denying her claim was supported by the evidence.

■ In Point II, Plaintiffs argue again that no evidence supported the verdict, and also that a verdict for zero damages is impermissible as well as asserting that the jury was overcome with bias, passion, or prejudice as a result of certain testimony and argument.

Plaintiffs begin their argument by maintaining that it is "impossible to tell from this verdict director whether the jury found liability in favor of the defendant or the jury found liability in favor of the plaintiff and zero damages."[5] However, the pattern verdict director did no more than correctly hypothesize the elements of a negligence claim to the jury. Plaintiffs' complaint is no more than a repetition of the argument they unsuccessfully set out in Point I.

The second part of Plaintiffs' argument is unique to Point II. However, since Plaintiffs' premise that the jury found "liability in favor of the plaintiff" is not true, the conclusion that the jury then impermissibly found zero damages cannot follow.

In attempting to characterize the verdict for Defendant as erroneous, Plaintiffs cite two cases for the proposition that a verdict for zero damages is impermissible, *Porter v. Mallet*, 596 S.W.2d 451, 452–53 (Mo.App. 1980), and *Pietrowski v. Mykins*, 498 S.W.2d 572, 579 (Mo.App.1973).[6] Alternatively, Plaintiffs argue, the verdict could be characterized as inadequate, and they cite *Hagedorn v. Adams*, 854 S.W.2d 470 (Mo.App. 1993), and *Smith, Etc. v. Archbishop of St. Louis, Etc.*, 632 S.W.2d 516, 524 (Mo.App. 1982), for the proposition that an inadequate verdict warrants a new trial. Neither of these two points of law control this case.

First, we do not have a verdict for zero damages here. The cited proposition only applies where there is a verdict making a finding for the plaintiff but awarding plaintiff no damages. Here, the verdict was for Defendant. A case cited by the *Porter* court, *Boone v. Richardson*, 388 S.W.2d 68 (Mo. App.1965), while holding that a zero damages verdict is invalid, explains that a verdict for the plaintiff requires that the jury find first, that defendant was negligent, and second, that plaintiff sustained some damage as a direct result of such negligence. *Id.* at 76. If the negligence causes no actual damages to plaintiff, defendant is entitled to a verdict. *Id.* at 76[15].

■ The principle that a new trial may be had in some instances due to the inadequacy of the verdict is irrelevant to this case for essentially the same reasons that decided the zero damages issue. Such a new trial motion is only appropriate where there was a verdict for plaintiff, yet the damages awarded to plaintiff were inadequate. *See Homeyer v. Wyandotte Chemical Corporation*, 421 S.W.2d 306, 309 (Mo.1967) (review is of the adequacy of the damage award). Again, the verdict here was for Defendant, so there was no damage award. One cannot complain of the inadequacy of a verdict which is not in one's favor.

■ Incidentally, we note that Plaintiffs devote a good deal of discussion to what they term "prejudicial occurrences." Plaintiffs do so because the case they cite for their assertion that the verdict was inadequate, *Hagedorn*, requires not only a demonstration that the evidence, viewed in the light most favorable to the verdict, does not warrant the

5. The verdict directing instruction used in this case read as follows:
"Your verdict must be for Plaintiff Joe Copeland if you believe:
First, either:
defendant failed to yield the right-of-way, or defendant failed to keep a careful look out, and
Second, defendant, in any one or more of the respects submitted in paragraph First, was thereby negligent, and
Third, as a direct result of such negligence, Plaintiff Joe Copeland sustained damage."
Paragraphs First and Second submit the elements of duty and breach to the jury, while paragraph Third requires them to decide whether there are facts which support the elements of causation and damages.

6. We would be remiss if we did not note that while Missouri appellate courts have invalidated verdicts which find for the plaintiff yet award no damages, the Missouri Supreme Court has yet to resolve a split of authority it has created by recognizing a line of federal cases which treat such a verdict as a verdict for the defendant. *See Campbell v. Kelley*, 719 S.W.2d 769, 771 (Mo. banc 1986); *Haley v. Byers Transportation Company*, 394 S.W.2d 412, 416 (Mo.1965).

verdict, but also a showing of "some error or occurrence at trial sufficient to incite prejudice." *See Hagedorn,* 854 S.W.2d at 477[21]. While we do not find *Hagedorn* to be applicable to this case, we do recognize the principle that a verdict which is the result of bias and prejudice cannot stand. *See Sansone v. St. Louis County,* 838 S.W.2d 16, 17 (Mo.App. 1992). However, in reviewing a judgment which is said to be the result of bias and prejudice, we recognize that the trial court has the opportunity to observe the effect of the allegedly prejudicial occurrences, and to take appropriate action. *Means v. Sears, Roebuck and Company,* 550 S.W.2d 780, 788 (Mo.banc 1977). Of the four "incidents or occurrences" (assigned the letters "a–d" in Plaintiffs' brief) alleged to be prejudicial, only "d" was preserved via an objection by Plaintiffs' counsel. "Generally, failure to object to an argument or statement at the time it is made to a jury results in a waiver of any right to complain to the argument or statement on appeal." *Glasscock v. Miller,* 720 S.W.2d 771, 777[7] (Mo.App.1986). Thus, the only proper review of incidents "a," "b," and "c" is as plain error under Rule 84.13(c). Taken either separately or cumulatively, incidents "a," "b," and "c" did not result in a manifest injustice or a miscarriage of justice.

■ Incident "d," on the other hand, referred to a question asked of Defendant's expert, whether Joe's treating chiropractor routinely ran plethysmograph tests on whiplash victims. Plaintiff's attorney objected to this question as being irrelevant, but was overruled by the trial court. We fail to see how this question or its answer could have biased or prejudiced the jury, who had heard testimony from the treating chiropractor himself stating that he had done 3,500 of these tests. Plaintiffs point to no evidence which indicates that the verdict in this case was the result of bias or prejudice.

Because the verdict for Defendant was not unsupported by evidence (as we found when addressing Point I), the verdict was not an impermissible "zero damages" or "inadequate" verdict, and because no evidence shows that the jury was overcome by bias, passion, or prejudice, we find that the trial court did not err in denying Plaintiffs' motion for new trial. Point II is denied.

■ In Point III, Plaintiffs allege that the trial court erred in limiting the scope of their "insurance question" during voir dire by excluding the term "policyholder" from the question. However, this assignment of error was not included in Plaintiffs' motion for new trial. In jury tried cases (with certain exceptions herein inapplicable), allegations of error must be included in a motion for new trial to be preserved for appellate review. Rule 78.07. Allegations of error in voir dire are within the scope of this rule. *Murr v. Boyd,* 813 S.W.2d 364, 365 (Mo.App. 1991). Since it is unpreserved for our review, we will not consider Plaintiffs' Point III and it is denied.

We affirm the judgment of the trial court.

CROW, J., concurs in the result in separate opinion.

PARRISH, J., concurs in principal opinion and concurs in separate opinion concurring in result.

CROW, Judge, concurring in result.

I concur in the result, but would dispose of Plaintiffs' contention that the verdict was unsupported by substantial evidence, or by any evidence, on a more fundamental ground.

Inasmuch as Plaintiffs had the burden of proof, the verdict for Defendant required no evidentiary support whatever. *Bakelite Co. v. Miller,* 372 S.W.2d 867, 871[7] (Mo.1963). A defendant denying liability for a plaintiff's alleged injury need not introduce any evidence to support a verdict in the defendant's favor. *Scott v. Gray,* 337 S.W.2d 38, 41[2] (Mo.1960). Consequently, Plaintiffs' hypothesis that the verdict was unsupported by substantial evidence or by any evidence presents nothing for appellate review. *Bakelite,* 372 S.W.2d at 870; *Warren v. Thompson,* 862 S.W.2d 513, 514[2] (Mo.App.W.D.1993).

I agree with the rest of the principal opinion.