Eddie James VAN, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54548.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 27, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 24, 1989.

Application to Transfer Denied
March 14, 1989.

Elizabeth R. Brown, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

A jury convicted movant of Stealing, third offense, in violation of § 570.040,

RSMo 1986, and the court sentenced him as a persistent offender to 15 years imprisonment. We affirmed his conviction and sentence on direct appeal. *State v. Van*, 665 S.W.2d 373 (Mo.App.1984).

Movant filed a *pro se* Rule 27.26 motion, and the case proceeded to hearing on the original motion. Movant alleged 20 separate grounds for relief, but the motion court concluded only one of the asserted grounds, no. 11, raised a claim cognizable in a 27.26 proceeding. Movant therein alleged his trial counsel was ineffective for "refus[ing movant] his opportunity to testify on his own behalf." The motion court found, "as to claim number 11, movant has failed to allege how he was prejudiced by [counsel's] representation;" thus, the court denied movant's motion. In his sole point on appeal movant contends the motion court erred in finding against him on claim no. 11.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

A motion court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984); *Richardson v. State*, 719 S.W.2d 912, 915–16 (Mo.App.1986). The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Careaga v. State*, 613 S.W.2d 863, 867 (Mo.App.1981). *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

Nowhere in movant's 27.26 motion appears an allegation of how he was prejudiced by his failure to take the stand. Consequently, the motion court need not have held an evidentiary hearing. *Ramsey v. State*, No. 54158, slip op. at 4 (Mo.App. Sept. 20, 1988), *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987). The court, after striking all movant's claims except no. 11, observed, "The only factual dispute I see in the entire file, or the only thing that even raises any need whatsoever for a hearing, is an allegation of ineffective counsel. And even that is probably insufficient, but I am going to give a hearing on it anyway."

We conclude, after reviewing the entire record on appeal, including movant's testimony at the evidentiary hearing, that movant failed to show with reasonable probability that if he were put on the stand there would be a reasonable doubt respecting guilt. Moreover, the evidence adduced at the hearing not only fails to support movant's claim that his counsel "refused" to allow him to testify, the evidence, in fact, refutes that claim. The hearing transcript reveals the following exchanges between movant and his motion counsel.

A. Well, my attorney told me that I could take the stand on my behalf, but my criminal record would be brought up, and things would look bad for me.

. . . .

Q. Was it your desire to take the stand? Did you want to take the stand and testify?

A. I wanted to, yes.

Q. Did you tell your attorney that you wanted to?

A. I can't recall, it's been so long ago.

. . . .

Q. Now, during that time, that twenty minute period of time that you were talking to your attorney about this case, did you tell her that you wanted to take the stand and testify?

A. Well, after she told me that my past record would be used if I took the stand, no. But I wanted to take the stand.

Q. You did want to take the stand?

692

A. Yes.

Q. And why did you want to take the stand?

A. To testify in my own behalf.

. . . .

Q. So is it your testimony there are two reasons you didn't testify. One because you were afraid, and the other reason was because you thought there was going to be more evidence brought against you than actually was?

A. Right.

These various exchanges reveal movant had a number of reasons for not testifying. However, none of the reasons support the allegation in claim no. 11 of his 27.26 motion, i.e., that his counsel "refused" to allow him to testify. On the contrary, movant admitted counsel informed him he "could" testify if he so desired.

The findings and conclusions of the motion court are not clearly erroneous.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.