Elijah Van HORN, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 55264.

Missouri Court of Appeals, Eastern District, Division One.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 9, 1989.

Application to Transfer Denied June 13, 1989.

Dave Hemingway, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 27.26 motion. We affirm.

A jury convicted movant of forcible rape, forcible sodomy, kidnapping, armed criminal action and two counts of unlawful use of a weapon. He was acquitted on one sodomy count. The court found him to be a dangerous and persistent offender, and sentenced him to consecutive prison terms of 40, 40, 30, 10, 10 and 10 years corresponding to the respective convictions. On direct appeal, we reversed one of the unlawful use of a weapon convictions on double jeopardy grounds, but affirmed in all other respects. *State v. Horne,* 710 S.W. 2d 310 (Mo.App.1986).

Movant, in both his pro se and amended Rule 27.26 motions, alleged numerous grounds for relief, including ineffective assistance of counsel. In denying an evidentiary hearing, the motion court issued findings of fact and conclusions of law.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915.

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668,687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856,857 (Mo. banc 1987) (emphasis in original).

A motion court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was defi-

cient. *Strickland v. Washington,* 466 U.S. 668,697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984); *Richardson v. State,* 719 S.W. 2d 912, 915–16 (Mo.App.1986).

Movant's first point on appeal is that the motion court clearly erred in denying his motion with respect to his claim that counsel was ineffective for failing to object to a police detective's "expert" testimony that it was not uncommon for rape victims to leave out specific acts when interviewed about such occurrences. The record reveals movant's counsel did, in fact, object to this testimony based on relevance, and we decided in movant's direct appeal that the trial court did not err in overruling the objection. *Horne,* 710 S.W.2d at 311, 312.

Movant framed his contention in his motion as follows:

Movant's trial counsel ineffectively represented him by failing to object to the "expert" testimony of Detective Kelly. The officer testified that it was normal for rape victims to fail to fully explain each sexual attack soon after an incident. Detective Kelly had not been endorsed as an expert concerning what was or was not normal for rape victims to say after an incident. The failure of the trial attorney to object precluded the Court of Appeals from ruling on the improper introduction of the evidence;

The motion court, in denying the claim, found:

Movant-defendant alleges ineffective assistance of counsel in that trial counsel failed to object to certain testimony of Detective Kelly in a timely manner. Movant-defendant does not indicate how he was prejudiced thereby. This testimony dealt with rape victims in general and since alibi was the defense this court finds that the omission of counsel for Movant-defendant was harmless.

Movant's somewhat convoluted argument on appeal is that his defense to the sodomy charges went beyond alibi, and included the defense that no sodomy occurred. Given that the victim did not report the sodomy in an interview shortly after the incident, movant contends that the police detective's testimony bolstered the victim's credibility, and that but for this testimony, defendant would have been acquitted of sodomy.

Generally, the failure to object does not provide the basis for a claim of ineffective assistance of counsel. For such a claim to succeed, movant must have suffered a substantial deprivation of the right to a fair trial. *Jackson v. State,* 540 S.W. 2d 616, 617 (Mo.App.1976). Movant's motion does not indicate how he was prejudiced by counsel's failure to object. Thus movant did not plead a sufficient claim for relief under *Strickland,* and the motion court could have dismissed his motion on that basis alone. *Pirtle v. State,* 752 S.W. 2d 376, 378 (Mo.App.1988), *See also Van v. State,* 764 S.W.2d 690, 691 (Mo.App.1988). Moreover, after reviewing the entire record, we conclude movant suffered no substantial deprivation of the right to a fair trial by virtue of this testimony.

Movant's second point is that the motion court clearly erred in concluding counsel was not ineffective for failing to call Fred Pardos as an alibi witness. In his amended motion, movant alleges Pardos "would have testified that movant was with him moments before the [victim] was attacked." He does not claim Pardos was with him at the time of the attack. Movant adds the allegation that Pardos would have aided his alibi defense, but does not allege any facts showing how Pardos' testimony would have been helpful. The motion court concluded Pardos' testimony would have been cumulative. Because movant merely alleges conclusions, the motion court's findings as to this claim are not clearly erroneous.

Movant's final point is that the motion court clearly erred in concluding counsel was not ineffective for failing to object, during the persistent offender hearing, to the state's information alleging, inter alia, movant's previous guilty plea to first degree robbery. The proof at the hearing was that movant in reality pled guilty to attempted first degree robbery. No amended information was filed.

In his motion, movant alleged the trial court erred in sentencing him as a persistent offender. Only on appeal does he cast his claim in terms of ineffective assistance of counsel. Because the claim was not raised in his motion, we will not now consider it. *Stokes v. State*, 671 S.W.2d 822,-824 (Mo.App.1984). Moreover, movant does not contend, nor could he contend, that the purported error affected the trial court's persistent offender finding.

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.