opinion would have no precedential value. Rule 84.16(b).

**Eric Dwight DUMMIT,**
**Plaintiff/Respondent,**

v.

**BURLINGTON NORTHERN**
**RAILROAD COMPANY,**
Defendant/Appellant.

No. 56139.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 3, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 11, 1990.

Application to Transfer Denied
June 19, 1990.

Paul M. Brown, Wendy L. Wiedemann, John F. Medler, Jr., Coburn, Croft & Putzell, St. Louis, for defendant/appellant.

C. Marshall Friedman, Kenneth E. Rudd, C. Marshall Friedman, P.C., St. Louis, for plaintiff/respondent.

SMITH, Judge.

Defendant appeals from a jury verdict and resultant judgment of $700,000 in favor of plaintiff in this Federal Employers' Liability Act case. We affirm.

The defendant confessed liability and the case was tried solely on the issue of damages. Plaintiff sustained severe injury to his ankles, legs and back when he jumped off a trestle at his work location to avoid an unexpected train. On appeal defendant makes five claims of error.

As a result of his injuries plaintiff is unable to perform manual labor. He is restricted in his employment opportunities to sedentary or light work. At the time of trial he was enrolled in college pursuing a degree in agricultural economics. He had begun his college work in January 1985 and by trial time in September 1989 had completed 76 hours of the required 124 hours. A prerequisite to obtaining his degree is satisfactory completion of a college algebra course. In turn in order to take that course plaintiff has to complete, with a grade of C or better, an introduction to algebra course and an intermediate algebra course. He also must complete a statistics course. He has attempted to complete the introduction to algebra course but has either had to drop the course or has received a D in it. He failed the intermediate algebra course. He has not been able to complete the statistics course. Plaintiff testified that he expected to obtain his degree in spring of 1990. He can take the math courses as often as he needs to obtain his math requirements. A considerable portion of the trial was devoted to evidence concerning plaintiff's potential for future employment and the nature of such employment. Defendant attempted to establish the availability of positions in agricultural business while plaintiff attempted to discount plaintiff's ability to complete his degree requirements and his future prospects in agricultural business.

Defendant's first two claims of error arise in that context. Defendant offered the testimony of an expert in vocational rehabilitation, James England. In the course of preparing for his testimony England had prepared what he referred to as "job market surveys" which purportedly documented various job opportunities in Springfield, St. Louis and Kansas City for an individual with plaintiff's background, education, work experience and physical limitations. The information was obtained by telephone calls to various companies engaged in agribusiness which were identified largely by reference to the telephone yellow pages. No standardized questions were asked of each of the companies. The essence of the questioning consisted of describing the plaintiff and asking if the company would employ such an individual and if they had or expect to have openings for such an individual. Negative responses were not recorded. England did not record verbatim the answers he received but sum-

marized them. The court sustained the plaintiff's objection to admitting the "job market surveys." Defendant premises error on that ruling. England was allowed to testify on his opinions as to the "current state of employment demand in the field of agricultural business and agricultural economics."

In *Liberty Financial Management Corporation v. Beneficial Data Processing Corporation*, 670 S.W.2d 40 (Mo.App.1984) [15–18] we recognized the admissibility of scientifically designed and statistically reliable surveys. While recognizing the hearsay nature of such surveys we determined that properly conducted surveys have gained judicial acceptance when the trustworthiness of the responses to the survey are otherwise established. *See also Del-Mar Redevelopment Corporation v. Associated Garages, Inc.*, 726 S.W.2d 866 (Mo. App.1987) [14–15]. We are unable to conclude that the "job market surveys" here meet the requirements for admissibility. They were taken solely for the purpose of litigation. The precise questions posited were not established and it appears that the same exact questions were not asked of each person questioned. The selection of respondents was haphazard. The exact answers given were not recorded and only positive responses were recorded at all. The only indicia of trustworthiness was the survey taker's conclusion that the results were trustworthy. The essence of the surveys was that some companies in agribusiness thought they might have employment for someone similar to plaintiff as he was described. The trial court did not abuse its substantial discretion in refusing to admit the "Job market surveys" and the expert's testimony based thereon. *Firestone v. Crown Center Redevelopment*, 693 S.W.2d 99 (Mo. banc 1985) [2–3].

■ Defendant next contends that the trial court erred in sustaining plaintiff's objection to testimony from two college professors concerning the plaintiff's prospects for completing his agricultural degree program and of obtaining employment in that field. The facts concerning plaintiff's education were fully before the jury.

The cases relied upon by defendant in support of this contention involve situations where the testimony concerning completing schooling and working in a given profession and income to be earned therefrom was based upon evidence concerning objective facts. In *Kenton v. Hyatt Hotels Corp.*, 693 S.W.2d 83 (Mo. banc 1985) [6] the testimony allowed involved law professors' knowledge of the rigors and stresses of law school and their opinions that plaintiff's medically diagnosed physical and psychological problems would prevent her from completing her education. Those opinions were not based upon a subjective evaluation of that plaintiff's intelligence and non-injury related capacity to do law school work. Similarly see *Gooch v. Lake*, 327 S.W.2d 132 (Mo.1959); *Busch v. Louisville & N.R. Co.*, 322 Mo. 469, 17 S.W.2d 337 (1929).

The evidence excluded in the case before us involved certain professors' opinions concerning plaintiff's mental capacity to complete the courses required for his degree. The opinions were therefore evaluations of subjective facts which the jury was equally capable to assess. The situation is comparable to that found in *Chaussard v. Kansas City Southern R. Co.*, 536 S.W.2d 822 (Mo.App.1976) where similar evidence of completion of schooling and employability was rejected. The jury was aware of plaintiff's efforts toward a degree and of his scholastic difficulties in achieving that degree. Those difficulties were unrelated to his accident. The jury was also aware of the salaries available in agribusiness if it chose to believe plaintiff could complete his degree program. The testimony refused was speculative and lacked the quality of reasonable certainty necessary to qualify it for admission. The trial court did not abuse its discretion in refusing its admission.

■ Defendant next contends the court erred in overruling its objection to plaintiff's closing argument in which counsel drew an adverse inference from defendant's failure to produce at trial Dr. Hart. Dr. Hart had been employed by the railroad as its assistant medical director and

had made an evaluation of plaintiff's ability to return to work. Defendant objected to plaintiff's argument on the basis "It's inappropriate to make references to witnesses he could have deposed. It's improper to try and argue adverse inferences." In *Leehy v. Supreme Express & Transfer Company*, 646 S.W.2d 786 (Mo. banc 1983) the court rejected the concept that deposing a witness makes him equally available to both parties. Ftnt 4, [8–10]. In its motion for new trial and on appeal defendant asserts that Dr. Hart was equally available because he is no longer employed by the defendant. That is a different objection than defendant made at trial. Defendant never advised the trial court of Dr. Hart's status at the time of trial. A party may not present for consideration on appeal a different ground than that asserted at trial. *Fallert Tool & Engineering Co. v. McClain*, 579 S.W.2d 751 (Mo.App.1979) [12, 13]. The ground asserted at trial was inadequate to support the objection. We find no error in the court's ruling.

■ Finally, defendant asserts that the verdict is excessive resulting from bias and prejudice and is excessive requiring remittitur. We need not discuss at length either of these contentions. Plaintiff was twenty-four years old at the time of his injury. His injuries are severe, permanent, painful, progressive and disabling involving several parts of his body. Those injuries have unquestionably disqualified him from any manual labor and from many other types of employment for which he is otherwise qualified. We are unable to conclude that the verdict is excessive.

Judgment affirmed.

SATZ, P.J., and GRIMM, J., concurred.