STATE of Missouri, Respondent,

v.

Harry RUSH, Appellant.

Harry RUSH, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61553, 63377.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 1, 1994.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant used an ice pick, several knives and boards to commit the felony of assault first degree on Robbie McLemore, § 565.050 RSMo 1986, and to murder her six and eight-year-old children, Robbie McLemore and Lekisha McLemore, § 565.020.1 RSMo 1986. The state also charged and proved three counts of armed criminal action, § 571.015.1 RSMo 1986, and one count of stealing over $150, § 570.030 RSMo 1986. One count of robbery first degree, § 569.020 RSMo 1986, was dismissed. The court found defendant to be a prior and persistent offender and imposed all consecutive sentences, including two life sentences without parole on the murder charges, a life sentence on the assault first degree charge and a total of 330 years on the remaining felonies.

Defendant presents five direct appeal issues and one Rule 29.15 issue in an effort to secure a new trial. None of defendant's issues contest the sufficiency of proof of the charged crimes. Defendant testified and admitted the assault first degree on a former girlfriend, Robbie McLemore. He denied killing two of her three children after the assault. The state offered a confession given by defendant to police officers and the testimony of the mother, Robbie McLemore, who survived from her numerous wounds. The physical evidence seized from defendant at the time of arrest and in the area where he was arrested supported the testimony of Robbie McLemore and defendant's confession. He said he killed the children to eliminate eye witnesses to the assault. He took Robbie McLemore's personal property and automobile. His purpose was to sell her property to secure funds to purchase cocaine.

█ Defendant's first claim of error is his confession should have been suppressed because he was not able to give a knowing waiver due to his addiction to and use of crack cocaine. His statements were made after the police advised him of his *Miranda* rights on a number of occasions. Two police officers testified that at the time of the confession, defendant showed no noticeable effects of his addiction. This evidence was sufficient to meet the state's burden of proof that defendant voluntarily, knowingly and intelligently waived his rights. *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515, 522; 93 L.Ed.2d 473 (1986). The trial court's decision that defendant's waiver was valid is a fact decision which is not reversible unless clearly erroneous. *State v. Powell*, 798 S.W.2d 709, 713 (Mo. band 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991). Point denied.

█ Defendant's second contention is the court erred in failing to strike a venireperson for cause and he, therefore, was forced to use a peremptory challenge. The trial took place in December of 1991. On August 28, 1993, § 494.480 RSMo Cum.Supp.1993 became effective. This statute changed a matter of procedure so as to provide that no new trial will be granted for failure to strike a venireperson who does not serve on the jury. Because the statute is procedural, it applies retroactively to this case. *State v. Wings*, 867 S.W.2d 607 (Mo.App.E.D.1993).

Defendant also claims the court erred in permitting the prosecuting attorney in oral argument to personalize the jury by appealing to emotion and not to the facts and inferences from the state's case. This claim of error on this ground was not presented to the trial court and is not preserved. *Krame v. Waller*, 849 S.W.2d 236, 239 (Mo.App.E.D. 1993) (citing *Dummit v. Burlington Northern R.R. Co.*, 789 S.W.2d 136, 139 (Mo.App. 1990)). Additionally, this is not a matter of plain error and is therefore, insufficient to support an award of a new trial. *State v. Wood*, 719 S.W.2d 756, 759 (Mo. banc 1986).

Defendant also contends the trial court erred in giving the reasonable doubt instruction. This matter has been consistently rejected by this court on the authority of *State v. Griffin*, 848 S.W.2d 464 (Mo. banc 1993).

The last claim of error on direct appeal relates to testimony given by a police officer and the trial court's refusal to grant a mistrial. The officer testified he spoke with Neeko, the eleven-year-old son of Robbie McLemore. Neeko was upstairs in his bedroom when the assault and the murders took place. When the boy mentioned defendant's name, the witness police officer said he summoned a detective to speak with Neeko and to determine if the detective had any previous knowledge of defendant. At one point, the officer was asked what happened next. He began to answer, "Tommy [the detective] had previously arrested Harry Rush...." The court thereafter immediately sustained an objection and instructed the jury to disregard the partial answer. The objection was not stated specifically on legal grounds. It rested entirely on the statement "This is improper." In his motion for new trial and point of error on appeal, defendant contends this answer constituted evidence of bad acts or an unrelated charge.

The court did not err in denying a mistrial. First, the nature of the prior arrest was not specified. Second, an objection was sustained and the jury was instructed to disregard the partial answer. Third, defendant's testimony disclosed the same type of information. Further, the partial statement was unexpected and not a response to a direct question. The prior contact would have been informative to the jury to explain how the officers knew where to locate defendant. Under the circumstances, we find there was no prejudice. The court did not err in refusing a mistrial.

Defendant's appeal from denial of Rule 29.15 relief after an evidentiary hearing raises a single issue. Defendant claims his trial counsel was ineffective for failure to object to testimony of a police officer that quoted eleven-year-old Neeko McLemore as saying "defendant smashed my sister's face in." From the evidence, the jury knew that Neeko was not present when the assault and murders were committed. In light of defendant's confession, which was before the jury, the police officer's testimony regarding Neeko's statement was not prejudicial, even if we assume counsel was remiss in not mak-ing a hearsay objection. Defendant has the burden of proving prejudice and demonstrating a reasonable probability that except for the failure of his counsel to make the hearsay objection, the result of his trial would have been different. *Sanders v. State*, 738 S.W.2d 856, 860–861 (Mo. banc 1987). No such proof was offered to the trial court in deciding the Rule 29.15 motion and we find none. Accordingly, the decision of the motion court was not clearly erroneous. Rule 29.15(j). Point denied.

We affirm.

CRANE, P.J., and CRAHAN, J., concur.