STATE of Missouri, Respondent,

v.

Herbert BOCLAIR, Appellant.

Herbert BOCLAIR, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 62223, 64194.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 24, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1994.

John Klosterman, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Herbert Boclair, was jury tried on five felony charges. He was convicted of rape, § 566.030 RSMo 1986; sodomy, § 566.060 RSMo 1986, robbery in the first degree, § 569.020 RSMo 1986; armed criminal action in the commission of the robbery, § 571.015 RSMo 1986; and, kidnapping, § 565.110 RSMo 1986. He was tried as a prior and persistent offender. The court sentenced defendant as a class X offender to concurrent terms totalling thirty-five years imprisonment. Defendant filed a pro se Rule 29.15 motion. After an amended motion was filed, the court denied relief without an evidentiary hearing. We affirm the convictions and denial of Rule 29.15 relief. The state agrees defendant is entitled to be sentenced as a prior and persistent offender. We remand for that purpose only.

Defendant's claims of error do not rely on a factual dispute. In late May of 1991, twenty-two year old C.A. was abducted from a check cashing location on Kingshighway and taken to a secluded alley where defendant committed the charged crimes. While C.A. was cashing a check, defendant slashed her tire with a knife, flattening the tire and providing defendant with the opportunity to approach C.A. under the guise of fixing her flat tire. He threatened C.A. with a knife placed at her throat. While defendant was with her, she had ample opportunity to observe his face. Defendant has never disputed the fact C.A. had an extended opportunity to observe the face of her attacker. After defendant left her, she immediately flagged down a uniformed police officer. The officer broadcast defendant's description but he was not found.

C.A. was employed at the Lucas and Hunt Walgreens Drugstore. On August 9, 1991, defendant, not recognizing C.A., came into the store. He asked her to hold his bag while he shopped. C.A. immediately recognized him. She went to the store office where the manager telephoned the police.

The state proved identification by two independent sources, either of which is sufficient to support the conviction. First, C.A. unequivocally identified defendant at the time of arrest, at a lineup, and later at trial. Second, the state offered testimony of fellow prisoners who recalled incriminating statements made by defendant. He described the crimes involving C.A. in some detail, including use of a knife, the meeting at the check cashing place, and that he used a knife to puncture a tire of the vehicle. He disclosed other facts which would have been known only to the actor.

Defendant did not testify. He offered testimony of other inmates to oppose the evidence that he made incriminating statements to the state's witness. He also offered witnesses who testified that during the relevant period he had facial hair consisting of a mustache, a goatee and stubble on the cheek. C.A. described her attacker as clean shaven.

■ Defendant's four claims of error made on direct appeal to obtain a new trial are without merit. He first claims the court erred in refusing to strike for cause a venireperson. That venireperson did not serve on the jury. The case was tried sixteen months before the effective date of § 494.480 RSMo Cum.Supp.1993. That section directs a new trial may not be granted for failure to strike a venireperson who does not serve on the jury. Because the statute is procedural, it controls this claim of error. *State v. Rush,* 872 S.W.2d 127 (Mo.App.E.D.1994) (citing *State v. Wings,* 867 S.W.2d 607, 609 (Mo.App. E.D.1993)).

■ Defendant next argues the court erred in overruling his timely motion to quash the state's peremptory strikes on the basis of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). C.A. and defendant are both African–Americans. The prosecuting attorney explained the reasoning for each peremptory strike. The defendant made no effort to challenge the explanations. Under the circumstances this claim of error is not preserved for appellate review. "If a defendant fails to challenge the state's explanation in the trial court, the defendant may

not challenge the state's explanation on appeal." *State v. Plummer*, 860 S.W.2d 340, 346 (Mo.App.E.D.1993).

▆▆▆ Defendant's third claim of error attacks a statement by the prosecuting attorney during closing argument as an indirect reference to defendant's right not to incriminate himself. Such references are prohibited by both the United States and Missouri Constitutions. They also are prohibited by statute and rule. *State v. Chunn*, 657 S.W.2d 292, 294 (Mo.App.1983). However, defendant did not challenge the closing argument on that ground during trial. The prosecuting attorney argued, "there is no doubt whatsoever, absolutely no evidence to contradict the fact that [C.A.] was raped." The objection was, "It's improper argument. He is shifting the burden of proof." A subsequent argument of the prosecuting attorney referring to the absence of evidence to discredit or contradict C.A.'s testimony was met with the same objection. The trial court was not asked to, and did not, rule on a constitutional challenge. We deny the claim of error in this case because the proper objection was not made.

Defendant's final claim of error on direct appeal is the court erred in sentencing defendant as a class X offender. The state agrees the indictment charged defendant as a prior and persistent offender but not as a class X offender. The parties agree this cause must be remanded for re-sentencing within the pleading.

Defendant also appeals denial of Rule 29.15 relief without an evidentiary hearing. He argues two claims of ineffective assistance of counsel. First, trial counsel failed to call defendant's barber who would have testified he was personally aware that at the time of the criminal acts defendant had facial hair consisting of a mustache, goatee and stubble on his cheeks. This evidence would have contradicted the identification testimony of C.A. Second, counsel failed to advise defendant of his right to testify, and failed to call defendant who would have testified: (a) he customarily wore facial hair; (b) he was a regular customer at the Walgreens store on Lucas and Hunt; and, (c) he had inherited a small sum of money from his brother prior to

the events which would rebut evidence the rapist lived in vacant buildings at the time.

▆▆▆ We review the claims of ineffective assistance in accord with *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). For a defendant to successfully establish ineffective assistance of counsel, he or she must first show that the attorney did not use the customary skill and diligence that would have been used by a reasonably competent attorney working under similar circumstances. *Id.* Second, the defendant must establish that because of this alleged deficient representation, he or she was prejudiced. *Id.* We review a denial of relief without evidentiary hearing in accord with Rule 29.15(g). Finally, we review the findings, conclusions and judgment to determine whether they are clearly erroneous. Rule 29.15(j).

▆▆▆ The motion court rejected the assignment of ineffective assistance relating to the failure to call defendant's barber as a witness because the evidence would have been merely cumulative. The witness was subpoenaed, but not called. The motion court observed that defendant's cousin and aunt both testified regarding defendant's facial hair at the relevant time. In his brief, defendant acknowledges the missing testimony would have been cumulative. A failure to produce cumulative testimony will not provide a basis to find trial counsel ineffective. *Henderson v. State*, 770 S.W.2d 422, 423 (Mo.App.1989). We find no clear error in this finding.

▆▆▆ Defendant next argues his trial counsel was ineffective because defendant was not advised of his right to testify. This was not presented to the trial court in the pro se and amended Rule 29.15 motions, nor was it decided by the motion court. Accordingly, there was no such motion court error and the matter is not properly before us.

▆▆▆ Defendant also contends his trial counsel was ineffective for failing to call him as a witness. His motion alleges he would have testified that at the time of the criminal acts he was wearing facial hair, he was a regular customer at the Walgreens store where C.A. was employed, and he had funds

sufficient to make it unnecessary for him to live in vacant housing. Each of these subjects may have contradicted some of the identification testimony given by C.A. None, however, would have contradicted the evidence in defendant's incriminating statements. The motion court found the defendant's offered testimony insufficient to create reasonable doubt concerning his guilt. This finding was premised upon the certainty of identification by C.A. The motion court did not note the alternative line of proof focusing on defendant's incriminating statements to other prisoners. The offered testimony would not have contradicted any of the alternative proof.

 We reject this final claim for several reasons. First, defendant's attorney offered evidence to rebut C.A.'s testimony regarding facial hair and living arrangements. The benefit of defendant's cumulative testimony on those matters, given his prior convictions, would have been very doubtful. In order to warrant an evidentiary hearing, defendant must allege to the motion court facts sufficient to support a finding that if he had testified, the testimony would create a basis for reasonable doubt concerning guilt. *Van v. State*, 764 S.W.2d 690, 691 (Mo.App.1988). These allegations do not satisfy the requirement to warrant a hearing.

Second, the allegation that defendant would have testified he was a regular customer at the Walgreens store, without a further allegation that C.A. actually saw defendant between the time of the crime and the time of the identification, is insufficient to support a finding that the identification testimony of C.A. was unreliable. The offered testimony would have been of no use in the absence of testimony that his activities as a customer were on at least one occasion known to C.A. Defendant's motion did not sufficiently allege facts which, if found at an evidentiary hearing, would support a finding of prejudicial conduct of counsel. *See State v. O'Dell*, 787 S.W.2d 838, 842 (Mo.App.1990).

Third, because of the requirement that defendant allege how he was prejudiced and how his testimony would have raised reasonable doubt concerning his guilt, the motion court was required to consider the handicap he faced as a witness with prior convictions and identification proof by two independent types of evidence. Defendant must show prejudice. *Sanders v. State*, 738 S.W.2d at 857. Here, a review of the whole record, including these matters, does not provide a "definite and firm impression that a mistake has been made." *Id.* Moreover, the decision was easily defendable as a matter of strategy during the trial of a prior and persistent offender. We conclude that the allegation of ineffective assistance of counsel for failure to call defendant as a witness was insufficient to warrant relief. Point denied.

The convictions and denial of Rule 29.15 relief are affirmed. The cause is remanded to the trial court for re-sentencing as a prior and persistent offender.

CRANE, P.J., and CRAHAN, J., concur.